IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAC MANAGEMENT, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. _____ |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, DAC Management, LLC alleges and states the following:

### Preliminary Statement

1.     This is an action pursuant to 26 U.S.C. ("I.R.C.") §§ 6703(c)(2) and 7422 for a determination that Plaintiff is not liable for the civil penalties assessed against it by the Internal Revenue Service ("IRS") pursuant to I.R.C. § 6700, and for the recovery of all payments, including the interest thereon, that Plaintiff made toward those penalties, which the IRS erroneously and illegally assessed and collected from Plaintiff.

### Jurisdiction and Venue

2.     Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1346(a)(1) and I.R.C. §§ 6703(c) and 7422.

3.     Venue for this action properly lies in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1402(a), but Plaintiff is filing this claim as a protective measure if it is later determined that venue does not properly lie in the Northern District of Illinois.

**The Parties**

4. Plaintiff, DAC Management LLC, is a limited liability company organized under the laws of Delaware with its office in Chicago, Illinois.

5. Defendant is the United States of America, which acted in respect to this matter through its agency the IRS.

**Background**

6. DAC Management LLC was formed by Mr. Philip Groves as part of a joint venture with a Chinese state-owned entity to acquire and manage non-performing loans ("NPLs").

7. Mr. Philip Groves formed Distressed Asset Consulting LLC to also acquire and manage non-performing loans.

8. On or about May 20, 2015, the IRS determined that certain transactions involving DAC Management LLC, Distressed Asset Consulting LLC, Mr. Groves, and Chinese distressed-debt were tax shelters used by U.S. investors to avoid U.S. tax. The IRS determined that Mr. Groves had promoted or failed to register these particular transactions as tax shelters in 2002, 2004, and 2005, and asserted penalties under I.R.C §§ 6700 and 6707.

9. This case involves the penalties asserted under I.R.C. § 6700. The IRS asserted a I.R.C. § 6700 penalty against DAC Management LLC in the amount of $793,754 and against Distressed Asset Consulting LLC in the amount of $1,586,592, for a total of $2,380,346. The IRS asserted the same $2,380,346 penalty under I.R.C. § 6700 against Mr. Groves.

10. In its May 20, 2015 letters determining the penalties, the IRS explained that if Distressed Asset Consulting LLC, DAC Management LLC, and Mr. Groves did not agree to any of the penalties, they could request a conference with the IRS Appeals Office (whose mission is

to settle disputes between the IRS and taxpayers) by filing a written protest with the revenue agent who had sent the May 20, 2015 letter.

11.     DAC Management LLC, Distressed Asset Consulting LLC, and Mr. Groves timely filed two written protests with the revenue agent on or about July 23, 2015.  One of the protests addressed the I.R.C. § 6707 penalties that the IRS had asserted for 2002 and 2004.  The other addressed the I.R.C. § 6700 and I.R.C. § 6707 penalties that the IRS had asserted for 2004/2005.  Only the latter is directly pertinent here, and a copy of the protest is attached hereto as Exhibit 1. The two protests collectively contested all of the penalties that the IRS had asserted.

12.     Notwithstanding that DAC Management LLC, Distressed Asset Consulting LLC, and Mr. Groves had protested all of the penalties, and that they had not yet been given the opportunity to discuss them with an IRS Appeals Officer, the IRS charged and made Notice and Demand for the I.R.C. § 6700 penalties in notices dated October 5, 2015, indicating that payment was due by October 15, 2015.

13.     On October 14, 2015, Mr. Groves paid to the United States Treasury fifteen percent (15%) of the $2,380,346 I.R.C. § 6700 penalty, or $357,502.  A copy of the check is attached hereto as Exhibit 2.

14.     On October 26, 2015, Mr. Groves filed a Claim for Refund of Tax Return Preparer and Promoter Penalties (Form 6118) with the IRS, seeking a refund of the $357,502.

15.     On November 6, 2015, DAC Management LLC and Distressed Asset Consulting LLC filed Claims for Refund of Tax Return Preparer and Promoter Penalties (Form 6118) with the IRS, seeking a refund of the $357,502 (the amount remitted by Mr. Groves for the same penalties).  The refund claim explained that the notices were in error because the IRS imposed a penalty equal to 50 percent of the gross income that the IRS already attributed *to Mr. Groves*.

3

The refund claim explained that, to the extent that any portion of the gross income upon which the 50% penalty is computed was derived by DAC Management LLC or Distressed Asset Consulting LLC instead of Mr. Groves, the IRS should apply the same portion of the $357,052 previously paid by Mr. Groves against the penalty.  The refund claim also provides six different reasons why the IRS should refund that amount, all of which are incorporated herein by reference. A copy of the refund claims are attached hereto as Exhibit 3.

16. By way of letter dated January 27, 2016, the IRS disallowed Mr. Groves's refund claim for the I.R.C. § 6700 penalty.  See Exhibit 4.  (The January 27, 2016 letter incorrectly shows the amount of the refund claim as $2,380,346.  The refund claim, however, sought only the return of the $357,502 that Mr. Groves paid.  There is also a discrepancy between the IRS' May 20, 2015 letter, which indicates in some parts that the I.R.C. § 6700 penalty is being asserted for 2004/2005 but indicates in other parts that it is being asserted for 2005, and the Notice and Demand and the January 27, 2016 letter, which both indicate that the penalty is being asserted for 2006.)

17. The IRS never disallowed DAC Management LLC's refund claim. Six months has passed since the refund claims were made. Pursuant to I.R.C. § 6703(c)(2), DAC Management LLC may bring suit within 30 days after the expiration of six months after the day on which the claim was made.  Similarly, the IRS never disallowed Distressed Asset Consulting LLC's refund claim, and it is simultaneously filing its own complaint in this Court.

**Defenses**

18. The IRS's assertion of the I.R.C. § 6700 penalty is erroneous and lacks any justification in fact or law.

19. DAC Management LLC incorporates by reference into this Complaint the myriad reasons why the penalty is in error that it, Distressed Asset Consulting LLC, and Mr. Groves provided to the IRS in their refund claims, which in turn incorporate a lengthier explanation in the written protests.

20. The major reasons why the IRS erred in applying the I.R.C. § 6700 penalty, briefly stated, are:

   a. The elements of I.R.C. § 6700(a) are not satisfied so the penalty does not apply. More specifically, DAC Management LLC did not organize (i) a partnership or other entity, or (ii) any investment plan or arrangement, or (iii) any other plan or arrangement, or participate (directly or indirectly) in the sale of any interest in such an entity or plan or arrangement, and make or furnish or cause another to make or furnish (in connection with such organization or sale) either of the above statements described in I.R.C. § 6700(a)(2).

   b. The IRS's assessment of the penalty is untimely under 26 U.S.C. § 6501 or 28 U.S.C. § 2462 or the doctrine of laches.

   c. The IRS grossly overstated the amount of the penalty. For example:

   (a) The IRS computed the penalty as 100% of "gross income" on the same activity, but the maximum penalty the statute allows for "an activity" is "50 percent of the gross income derived (or to be derived) from such activity." I.R.C. § 6700(a)(2)(B).

    (b)  The IRS erroneously included in its computation of gross income amounts of income that were not "derived (or to be derived)" from the relevant activity, which inflated the penalty.

    (c)  The IRS erroneously included in "gross income" gross amounts that DAC Management LLC purportedly received from dealings in property. The Internal Revenue Code, however, defines "gross income" from dealings in property as the net "gains."   *See* I.R.C. § 61(a)(3).

    (d)  The IRS erroneously included in its computation of gross income amounts that were not gross income to Distressed Asset Consulting LLC.

d. The I.R.C. § 6700 penalty is unconstitutionally excessive as it is grossly disproportionate to the underlying conduct.

e. The IRS is assessing the 6700 penalties more than once.  Since the penalty is a percentage of the gross income a person derives from the prohibited conduct, the IRS may not impose the same penalty on multiple persons based on the same gross income. The IRS is attempting to double up on the penalties by assessing them to DAC Management LLC, Distressed Asset Consulting LLC, and Mr. Groves.

### **Claim for Relief**

WHEREFORE, DAC Management LLC requests the following relief on his claims in this case:

(1)    Enter judgment against Defendant determining that DAC Management LLC is not liable for the I.R.C. § 6700 penalty;

(2) Order the Defendant to refund, with interest, the payment of $357,052, to the extent the Court determines that the gross income that is the basis for the penalty at issue was earned by DAC Management LLC;

(3) Order the Defendant to abate any efforts to collect the remaining 85% of the asserted I.R.C. § 6700 penalty;

(4) Award attorneys' fees and costs to Plaintiff pursuant to I.R.C. § 7430 and 28 U.S.C. § 2412; and

(5) Grant any additional relief that this Court deems appropriate.

Respectfully submitted,

**DAC Management, LLC**

By: */s/ Lewis S. Wiener*
Lewis S. Wiener (DC 414479)
SUTHERLAND ASBILL & BRENNAN LLP
700 Sixth Street, NW, Suite 700
Washington, DC 20001
Phone: 202-383-0140
Fax: 202-673-3593
lewis.wiener@sutherland.com

By: */s/ N. Jerold Cohen*
N. Jerold Cohen (DC 75432)
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street, N.E., Suite 2300
Atlanta, Georgia 30309
Phone: 404-853-8038
Fax: 404-853-8806
jerry.cohen@sutherland.com

36358529.1

<u>Of Counsel</u>
Thomas A. Cullinan
Joseph M. DePew
Rebecca M. Stork
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street, N.E., Suite 2300
Atlanta, Georgia 30309
Phone:  404-853-8000
Fax:  404-853-8806

8

36358529.1